UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| CARLOS SANCHEZ, | ) | No. CV 06-04214-VBK |
| | ) | |
| Plaintiff, | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| v. | ) | |
| | ) | (Social Security Case) |
| JO ANNE B. BARNHART, | ) | |
| Commissioner of Social | ) | |
| Security, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court for review of the decision by the Commissioner of Social Security denying Plaintiff's application for disability benefits.  Pursuant to 28 U.S.C. §636(c), the parties have consented that the case may be handled by the Magistrate Judge.  The action arises under 42 U.S.C. §405(g), which authorizes the Court to enter judgment upon the pleadings and certified Administrative Record ("AR") before the Commissioner.  The parties have filed the Joint Stipulation ("JS"), and the Commissioner has filed the certified AR. After reviewing the matter, the Court concludes that the decision of the Commissioner must be reversed and the matter remanded for further hearing.

It is undisputed that Plaintiff suffers from fibromyalgia. Plaintiff seeks an award of benefits, or a remand, asserting, first, that the Administrative Law Judge ("ALJ") failed to consider non-exertional limitations and instead applied Medical-Vocational Rule 203.29 ("Grids"), and second, asserting inadequate reasons were provided in the decision for depreciating Plaintiff's credibility as to his pain and other subjective symptoms.

For reasons to be stated, the Court concludes that error was committed, and the matter must be remanded for further hearing.

At Step Two of the sequential evaluation process, the ALJ found that Plaintiff suffers from severe fibromyalgia. (AR 21, Finding 2.) Discounting as "not totally credible" Plaintiff's allegations regarding his non-exertional impairments (primarily pain, fatigue and related limitations), the ALJ assessed a residual functional capacity ("RFC") for medium work, without factoring any non-exertional limitations. (AR 22, Finding 5.)  The ALJ applied the Grids as a guideline for decisionmaking and found Plaintiff to be not disabled. (Id., Finding 4.)

The definition of a "severe" impairment, although well understood, bears repeating, especially in the context of an impairment such as fibromyalgia.

A severe impairment or combination of impairments is one which significantly limits the physical or mental ability to perform basic work activities.  20 C.F.R. §416.920.  Basic work activities relate to the aptitudes necessary to perform most jobs, such as the ability to perform physical functions, the capacity for seeing and hearing, and the ability to use judgment, respond to supervisors, and deal with changes in the work setting.   20 C.F.R. §416.921; Bowen v. Yuckert,

482 U.S. 137, 141-42 (1987).

Plaintiff is not required to establish total disability at this level of the evaluation. Rather, the severe impairment requirement is a threshold element which plaintiff must prove in order to establish disability within the meaning of the Act. Id. at 146. "The severity requirement increases the efficiency and reliability of the evaluation process by identifying at an early stage those claimants whose medical impairments are so slight that it is unlikely they would be found to be disabled even if their age, education, and experience were taken into account." Id. at 153.

Pursuant to Social Security Ruling 85-28,

> "An impairment or combination of impairments is found 'non-severe' and a finding of 'not disabled' is made at this Step when medical evidence establishes only a slight abnormality or a combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work even if the individual's age, education, or work experience were specifically considered (i.e., the person's impairment(s) has no more than a minimal effect on his or her physical or mental ability(ies) to perform basic work activities)."

In this case, the ALJ took pains to note the classic symptoms of fibromyalgia. (AR 19.) Still, he concluded that Plaintiff suffered at most mild non-exertional impairments, thereby permitting application of the Grids to establish non-disability.

In its opinion in Benecke v. Barnhart, 379 F.3d 587 (9th Cir. 2004), the Ninth Circuit extensively reviewed the issue of

3

fibromyalgia in the Social Security context. The Court noted that fibromyalgia has an unknown etiology, is incurable, and is poorly understood within the medical community. The Opinion notes that, "The disease is diagnosed entirely on the basis of patients' reports of pain and other symptoms." (Id. at 590.) There are no laboratory tests to confirm the diagnosis; rather, there is a set of agreed-upon diagnostic criteria. (Id.)

The ALJ's decision makes substantial reference to reports of Plaintiff's treating physician, Dr. Hollcraft. (AR 19, 116-219.) His notes, which span a period of several years, reflect that Plaintiff continuously complained of symptoms of classical fibromyalgia. (See AR at 121, for example, reflecting Plaintiff's complaints to Dr. Hollcraft in 2000 and 2002.) The ALJ interpreted Dr. Hollcraft's notes as supporting a dramatic regression of fibromyalgia symptoms from March 2002 to June 2002 (AR 19), but in support of this conclusion cited a June 13, 2000 report of Dr. Hollcraft. (AR 130-131.) The ALJ next stated that despite medical documentation showing a dramatic regression of symptoms, "overall the record shows little change from one visit to the next and good response to Amitriptyline." (AR 19.) But, it is clear that Amitriptyline was prescribed only for better sleep. (See AR at 130, 136.) The Court fails to find in Dr. Hollcraft's records any indication that Amitriptyline ameliorates classic symptoms of fibromyalgia. Further, the ALJ agreed with the opinion of the State Agency physician that Plaintiff's complaints of pain, stiffness and burning sensations, although symptomatic of early fibromyalgia, were responsive to treatment. (AR 19, citing State Agency physician report at AR 225-233.) The ALJ failed, however, to identify specific references in the medical records where a physician

or other source opined that Plaintiff's fibromyalgia symptoms were in fact generally responsive to treatment.

At the hearing, Plaintiff described his symptoms from fibromyalgia, such as fatigue, pain, and burning, and his activities of daily living. (AR 243-247.) If Plaintiff's testimony is to be given credibility, then clearly he would be deemed to have non-exertional impairments which must be factored into the disability analysis. As such, application of the Grids would be impermissible in order to find non-disability. See Lounsburry v. Barnhart, 468 F.3d 1111 (9th Cir. 2006). The ALJ, however, depreciated Plaintiff's credibility, and the Court must examine whether sufficient reasons were provided.

First, the ALJ asserted that Plaintiff "admitted" that Ibuprofen and Amitriptyline controls inflammation. (AR 19, citing AR 246-247, 87.) The ALJ certainly misread Plaintiff's testimony. What Plaintiff said, which Dr. Hollcraft corroborated, was that the Amitriptyline helped him sleep, not that it controlled his inflammation. As to Ibuprofen, Plaintiff stated, "That was just killing my stomach." (AR 246.) Nowhere did Plaintiff indicate that Ibuprofen controlled inflammation, and in any event, the ALJ failed to address these possible side effects from the medication.

As another reason for detracting from Plaintiff's credibility, the ALJ asserted that he had made no sustained effort to seek treatment at free public clinics. (AR 20.) This is another unsupportable basis to detract from Plaintiff's credibility, especially in view of the fact that there is no evidence that any particular medication or treatment regularly assisted Plaintiff with his pain or other symptoms. In any event, this was, legally, an

impermissible factor in the credibility determination. (See Penny v. Sullivan, 2 F.3d 953, 958 (9th Cir. 1993)("The ALJ discredited Penny's testimony of existing pain because he did not seek medical treatment...  This fact does not in any way prove that Penny's testimony concerning his pain at the time of his hearing was not credible.").

The ALJ next cited Plaintiff's statements in fatigue questionnaires as to his daily activities, noting that Plaintiff does yoga, takes long walks in the neighborhood, cleans his room, helps with household tasks and prepares simple meals.  He also noted that Plaintiff claimed he could walk a mile, stand up to two hours, and sit up to three hours. (AR 20, citing AR 71-74, 75-80.)  The problem with this analysis is that the ALJ described the activities, but omitted the limitations on those activities which Plaintiff carefully explained in his pain questionnaires, completely overlooking Plaintiff's clear and consistent statements that he must often rest during these activities, and that sometimes he is incapable of doing them because of pain.

Plaintiff's credibility was also depreciated, the ALJ noted, because he lacked motivation by virtue of his failure to perform recommended exercises.  The ALJ cited Dr. Hollcraft's comment in a February 27, 2002 report that Plaintiff has not been exercising on a regular basis. (AR 20, 122.)  There is an obvious contradiction here. On the one hand, the ALJ detracted from Plaintiff's credibility because he is capable of and in fact engages in activities of daily living such as yoga, taking long walks, and the like, but on the other hand found Plaintiff to be not credible because of his failure to perform recommended exercises.  Both cannot be true.

1  For these reasons, the Court finds that the ALJ's credibility
2  analysis was faulty.  See Reddick v. Chater, 133 F.3d 704, 722 (9th
3  Cir. 1988).  The factors set forth in 20 C.F.R. §416.929 (2006) were
4  not properly evaluated.  The ALJ's decision lacks specific, clear and
5  convincing reasons to reject Plaintiff's pain allegations.  See Thomas
6  v. Barnhart, 278 F.3d 947, 959-60 (9th Cir. 2002).

7  The Court denies Plaintiff's request that his matter be remanded
8  for calculation of benefits.  It appears to the Court that a remand
9  for a new hearing, and a proper evaluation of Plaintiff's non-
10 exertional impairments and their impact on his RFC, is the appropriate
11 course.  See Moisa v. Barnhart, 367 F.3d 882, 886-87 (9th Cir. 2004).

12 Based on the foregoing, the decision of the ALJ is reversed and
13 this matter is remanded for further proceedings.

14 **IT IS SO ORDERED.**

16 DATED: May 25, 2007

18                                           /s/
                                    VICTOR B. KENTON
19                                  UNITED STATES MAGISTRATE JUDGE